# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: | |
| TCHUMA GRATIAS MUSHI and JUDITH BORA BISIMWA, | Case No. 06-11814-RGM (Chapter 7) |
| Debtors. | |

### MEMORANDUM OPINION

THIS CASE was before the court on July 10, 2007, on Peyton Page and Carol Page's objection to the debtors' claim of exemption to a $5,000 deposit held by Jobin Realty. The debtors listed the deposit on Schedule B and claimed it exempt on Schedule C under the Virginia Homestead Act. The Page's objection asserts that the deposit is not property belonging to the debtors, but to the Page's by virtue of an order entered by the Circuit Court of Loudoun County, Virginia. They assert that the order vested title to the deposit in them. The order states that "the Defendants will ensure that Jobin Realty releases the $5,000.00 deposit check" to the Pages which suggests that additional actions were required before title to the deposit was to vest in the plaintiffs. If additional actions were required but not taken, the failure to take those actions may give rise to a claim in this bankruptcy proceeding but title may not have been vested in the Pages. The issue presented is whether the order itself transfers title to the deposit.

The objection is, in actuality, not an objection to a claim of exemption of the debtors. No issue is raised as to the propriety of the claim of exemption or the form of the claim of exemption. The sole issue raised is whether the property is property of the debtors or property of the creditors.

If it is property of creditors, the claim of exemption is futile because the debtors can only claim property exempt that they own.

The objection to the claim of exemption is a disguised effort to try title to the deposit. Two procedural issues are raised by the objection: the proper and necessary parties and the form of the pleading itself. There is at least four parties who may claim the deposit: the Pages as creditors; the debtors; the trustee; and the realtor who may have a claim for a commission. The realtor is not before the court and no adjudication can be made as to the realtor without the realtor. The trustee is a necessary party only if the objection to the claim of exemption is disallowed in which case the debtors may not be necessary parties. If the claim of exemption is allowed, the deposit will cease to be property of the estate and the trustee will have no further interest in it. 11 U.S.C. §522(l); Fed.R.Bankr.P. 4003. Nor may the court enter a turnover order without the stakeholder being before the court.

Fed.R.Bankr.P. 7001(2) provides that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" must be brought as an adversary proceeding. The matter may not be commenced as a simple objection to a claim of exemption.

The debtors have properly claimed an exemption in the deposit held by Jobin Realty. That does not dispose of the ownership interest of the deposit itself. If the ownership interest is to be raised, it must be brought as an adversary proceeding in this court with the proper and necessary parties. Consequently, the objection to claim of exemption will be overruled and the debtors' claim of exemption to the $5,000.00 deposit held by Jobin Realty will be allowed without prejudice to raising any issue as to the ownership of the deposit.

Alexandria, Virginia
July 10, 2007

                                                /s/ Robert G. Mayer
                                                Robert G. Mayer
                                                United States Bankruptcy Judge

Copy electronically to:

Gordon P. Peyton
Edward Gonzalez
Thomas K. Plofchan, Jr.

13636